IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD J. JONES, | ) | 8:15CV94 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Ronald Jones's Objection (Filing No. 18) and Notice of Appeal (Filing No. 19). The court liberally construes the objection as a motion filed pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure. The court will deny the motion and grant Jones leave to proceed in forma pauperis on appeal.

**POST-JUDGMENT MOTION**

The court dismissed Jones's Petition for Writ of Habeas Corpus on October 14, 2015. The court determined the petition was untimely under 28 U.S.C. § 2244(d)(1)(A), and that Jones was not entitled to equitable tolling of the limitations period. In addition, the court determined Jones made no showing of actual innocence. (Filing No. 16.) Jones now seeks relief from the court's judgment under Rules 59(e) and 60.

Rule 59(e) permits a motion to alter or amend judgment if filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Under Federal Rule of Civil Procedure 60(b)(6), "the court may relieve a party or its legal representative from a final judgment [or] order," for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. . . . [A] motion for

reconsideration [may not] serve as the occasion to tender new legal theories for the first time." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).

As explained in the court's order dismissing this case, Jones filed his habeas corpus petition in this court more than five years after his conviction became final, well after the expiration of the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (establishing a one-year limitations period for state prisoners to file for federal habeas relief that runs from the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review). He did not establish that he was pursuing his rights diligently or that some extraordinary circumstance stood in the way of his filing a habeas corpus petition on time. For the reasons already provided by this court, Jones's petition for writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(1)(A), and he did not establish that he is entitled to equitable tolling of the limitations period.

**MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

Jones filed a Notice of Appeal (Filing No. 19) on December 29, 2015. He appeals from a judgment dated October 14, 2015. Jones's Notice of Appeal is timely because he filed the post-judgment motion discussed above on October 27, 2015. *See* Fed. R. Civ. App. 4(a)(4).

The court has reviewed Jones's prisoner account statement (Filing No. 4) and finds he is entitled to proceed in forma pauperis on appeal.

**MOTION FOR CERTIFICATE OF APPEALABILITY**

Jones asked this court to enter a certificate of appealability. (Filing No. 18 at CM/ECF pp. 6-7.) The court previously determined it would not issue a certificate

2

of appeability in this case, and it finds no reason to reconsider this decision. Therefore, the court will not issue a certificate of appealability for the reasons provided in the court's Memorandum and Order dated October 14, 2015 (Filing No. 16).

    IT IS THEREFORE ORDERED that:

1.    Jones's Objection (Filing No. 18) is overruled.

2.    Jones is granted leave to proceed in forma pauperis on appeal.

3.    The court will not issue a certificate of appealability in this case.

DATED this 1st day of February, 2016.

    BY THE COURT:

    s/ Joseph F. Bataillon
    Senior United States District Judge